CASE 5—PROCEEDING TO ESCHEAT LAND—SEPT. 21.

# Commonwealth v. Newcomb & Others.

### APPEAL FROM HENDERSON CIRCUIT COURT.

JUDGMENT FOR DEFENDANTS AND PLAINTIFF APPEALS. AFFIRMED.

REPEAL OF STATUTE—RIGHT OF ALIENS TO HOLD PROPERTY.

Held: 1. Act Feb., 1874, providing that an alien shall have the same right to hold property in Kentucky that is given to the citizens of Kentucky by the laws of the government of which such alien is a subject, was repealed by its omission from the chapter relating to the rights of aliens in the revision of the statute laws of the State after the adoption of the present Constitution.

2. The repeal did not operate retrospectively, so as to unsettle existing titles, or to confiscate property held under the statute.

3. The statute was not unconstitutional.

4. A naturalized citizen of Canada, being a British subject, was entitled to the benefit of the statute by virtue of an act of the English Parliament giving aliens the same right to hold property that natural-born British subjects have.

WILLIAM R. MARRS, ATTORNEY FOR APPELLANT.

1 Escheator's Right and Duty Maintains Action. Ky. Stats. Chap. 44; Rev. Stat. Chap. 34; Gen. Stat. Chap. 36; Especially Art. 4, sec. 2.

Commonwealth v. Newcomb & Others.

Legal Status of Appellee. Ky. Stats. Chap. 76, Art. 1, secs. 1 & 2; 2 Blackstone Com., 249, 274, 293; 2 Kent, Com., 61; Hunt v. Warnicke, Hardin 62; Elmendorf v. Carmicheal, 3 Litt, 474; Dudley v. Grayson, 6 Mon., 260; Fry v. Smith 2 Dana 40; White v. Id., 2 Met., 189; Ky. Stats., 335.

Plea of Limitation v. Commonwealth. Gen. Stats. Chap. 14, Art. 3, sec. 4; Ky. Stats., sec. 337; Board v. Jolly, 5 Bush, 86; Ky. Stats., sec. 335.

Act of Feby. 23, 1874, Viewed as Valid. Gen. Stats. Chap. 14 Art. 3, secs. 1, 33 & 34 Vic, Contained in Stipulation in Record; Acts of Gen. Assembly 1891-2-3, Page 54; Cooley Const. Lim., 340, 341, 342, 644, Note 1, 471-2; Christ Church, &c., v. Phila, &c., 24 How. 300; East Saginaw v. East Saginaw &c., 13 Wall 373; Crane v. Reeder 21 Mich. 24, S. C. 4 Am. Rep., 430; Wunderle v. Id. 44 Ills., 58; 1 Greenleaf sec. 43, note c.

Act of Feby. 23, 1874, unconstitutional: Const. 1850, Art. 2 sec. 34; Art. 13 sec. 1; Rev. Stats., Chap. 34, Chap. 92; 33 & 34 Vic; U. S. v. Fisher Cranch, 386; Am. & Eng. Ency. Law pp. 298 to 304.

Escheat, No Seizure. Ky. Stats., Chap. 76, *Supra;* Blackstone *Supra;* Kent *Supra,* & Wunderle v. Id. *Supra.*

YEAMAN & LOCKETT and T. L. EDELEN, Attorneys for appellee.

POINTS AND CITATIONS.

1. There was no "inquest of office found:" Revised and General Statutes, Title Escheats, Article 4, Kentucky Statutes section 1611:

2. The act of 1874 (Acts 1873-74, chapter 594) became a part of defendant's, now appellee's, title; Walker v. Whitehead, 16 Wallace 314; Grubbs v. Harris, 1 Bibb, 567; Kibbey v. Jones, 7 Bush, 243; Hanrick v. Hanrick, 54 Texas, 101; Hanrick v. Patrick, 119 U. S., 156.

3. Consequently, the Legislature could not repeal that act and thereby devest titles which had accrued under it; citations under last point, and Constitution of the United States; Commonwealth v. Railroads, 95 Ky., 60; 12 Bush, 378; 96 Ky., 249; 2 Wal., 450.

4. The repeal of the act of 1874 operated—if there ever was a repeal —prospectively; Lawrence v. City of Louisville, 96 Ky., 595; L. & N. R. R. Co. v. Sharp, 91 Ky., 411; C. & O. R. R. Co. v. Judge Washington Co. Ct., 10 Bush, 564; Watts v. Com., 78 Ky., 329.

OPINION OF THE COURT BY JUDGE HOBSON—AFFIRMING.

This proceeding was instituted in the court below for the purpose of escheating to the State the land owned

by appellee in Henderson county on the ground that she
is an alien.  It is admitted that she is a British subject.
In 1870 the English Parliament passed an act to the ef-
fect that "real and personal property of every description
may be taken, acquired, held and disposed of by an alien
in the same manner in all respects as by a natural-born
British subject."  In February, 1874, the Kentucky Leg-
islature passed an act providing that "an alien shall have
the same right to recover, inherit, hold and pass by de-
scent, devise or otherwise, real or personal property in
this State that is given to the citizens of Kentucky by the
laws of the government of which such alien is or was
a citizen or subject."  Gen. St. p. 247.  A part of the
property in contest was conveyed to appellee a few
weeks before this act was passed, and the rest thereafter,
and while it was in force.  In the revision of the statute
laws of the State after the adoption of the new Consti-
tution this act was omitted, and so was repealed by the
act of April 29, 1892, which now constitutes chapter 19,
Kentucky Statutes.  But, though the act has been re-
pealed in this way, the repeal has no retrospective effect,
and does not operate to confiscate property acquired or
held under it by authority of the State.  We do not think
it could have been intended by the Legislature, in simply
omitting this act in the revision, to unsettle existing titles,
waiving the question whether the Legislature had such
power if it desired to do this.  Appellee's property was
not, therefore, liable to escheat.

We see no valid objections to the act on constitutional
grounds.  It simply gives aliens the same right to hold
real property as citizens of Kentucky enjoy in all cases
where, by the laws of the government of which such aliens
are subjects, a like right is given to the citizens of Ken-

tucky. In other words, English subjects are put on the same footing as citizens of Kentucky as to holding real estate, in case citizens of Kentucky are by the laws of England put on same footing as British subjects in this respect.

The fact that appellee's husband, E. B. Newcomb, was naturalized in the Dominion of Canada is immaterial. He was a British subject, and so is appellee. Being a British subject, she was entitled to the benefit of the act above quoted, as by the act of Parliament citizens of Kentucky were put on the same plane in regard to holding real estate as British subjects.

The conclusion we have reached makes it unnecessary for us to determine any of the other interesting questions discussed. The court below properly dismissed the proceeding. Judgment affirmed.